IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

| | | |
|---|---|---|
| JILLIAN LESKO, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | 2023-1823 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

### DEFENDANT-APPELLEE'S RESPONSE TO COURT'S
### DECEMBER 15, 2025, ORDER

Pursuant to the Court's December 15, 2025, order (ECF 89), defendant-appellee, the United States, respectfully submits this explanation of how the *en banc* Court's affirmance of the trial court's dismissal of Count II of the amended complaint filed by plaintiff-appellant, Jillian Lesko, affects our arguments regarding Counts I, III, IV, and V of Ms. Lesko's amended complaint.

We stand by each of the arguments made in the response brief we filed before the panel. ECF 19 (filed Oct. 25, 2023). Specifically, in our response brief with respect to Count I, we demonstrate that Ms. Lesko is incorrect in arguing that she was entitled to premium pay under Title 38. *Id.* at 10-13. As our response brief explains, the Indian Health Service (IHS) permissibly chose to apply to nursing positions like Ms. Lesko's some (but not all) of the pay authorities set forth in Title 38. *Id.* Ms. Lesko's contention that authority was not properly delegated from the Department of

Health and Human Services (HHS) to IHS is incorrect and ultimately does not help her in any event. *Id.* If she is correct that HHS did not delegate authority to IHS, then that would mean she is not entitled to any type of pay, including the premium pay she seeks, under the authority of Title 38. *Id.* at 12-13. The trial court thus correctly dismissed Count I.

With respect to Counts III, IV, and V, Ms. Lesko contends that she is entitled to premium pay for alleged "recurrent and habitual" nighttime work (governed by 5 C.F.R. § 550.121), holiday work (governed by section 550.131), and Sunday work (governed by section 550.171). But as our response briefly explains, the work alleged in her amended complaint does not fall within the regulations authorizing compensation for these categories of work. *Id.* at 16-19. In particular, she has not alleged that the work was "regularly scheduled," as each of the governing regulations requires. *Id.* at 17. Nor, as our response brief explains, is the alleged work compensable under 5 C.F.R. § 610.121(b)(3), which requires that, *inter alia*, the "head of the agency" "[h]ad knowledge of the specific days and hours of the work requirement in advance of the administrative workweek[.]" *Id.* at 18-19. Ms. Lesko has not plausibly alleged any such knowledge. *Id.* The trial court thus correctly dismissed Counts III, IV, and V as well.

Finally, Ms. Lesko contends that the trial court erred by not allowing her leave to file another amended complaint. But she did file a motion seeking leave to amend, instead burying the request in her brief opposing our motion to dismiss. *Id.* at 20-23.

As courts frequently explain, trial courts do not abuse their discretion under such circumstances when they do not allow leave to amend. *Id.* at 20-21. And, in any event, any such motion would have been futile, considering the additional allegations identified by Ms. Lesko. *Id.* at 21-22.

After we filed our brief, the *en banc* Court affirmed the trial court's dismissal of Count II of Ms. Lesko's amended complaint. The *en banc* Court upheld the validity of the Office of Personnel Management regulation requiring that, to be compensable, overtime work must be ordered or approved in writing. This holding undercuts the legal predicate of Count II of Ms. Lesko's amended complaint. Nothing in the Court's dismissal of Count II undermines or, as best as we can tell, bears upon any arguments we have made with respect to Counts I or Counts III-V.

We thus respectfully request that the Court affirm the trial court's judgment.

        Respectfully submitted,

        BRETT A. SHUMATE
          *Assistant Attorney General*

        PATRICIA M. MCCARTHY
          *Director*

        REGINALD T. BLADES, JR.
          *Assistant Director*

        /s/ Matthew J. Carhart
        MATTHEW J. CARHART
          *Senior Trial Counsel*
          *Commercial Litigation Branch*
          *Civil Division*
          *U.S. Department of Justice*
          *P.O. Box 480, Ben Franklin Station*
          *Washington, DC 20044*
          *(202) 307-0313*
          *matthew.carhart@usdoj.gov*

December 22, 2025

## CERTIFICATE OF COMPLIANCE

Defendant-appellee's counsel certifies that this brief complies with the page limitation identified in the Court's December 15, 2025, order, as this brief is fewer than 10 pages long. *See* ECF 89.

/s/ Matthew J. Carhart
MATTHEW J. CARHART
