**23-1823**

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

JILLIAN LESKO,
*Plaintiff-Appellant*

v.

UNITED STATES OF AMERICA
*Defendant-Appellee*

APPEAL FROM THE UNITED STATES COURT OF FEDERAL CLAIMS IN
1:22-cv-00715 CNL

JUDGE CAROLYN N. LERNER

**SUPPLEMENTAL BRIEF OF APPELLANT**

Dimitrios V. Korovilas, Esq.
Jason M. Wucetich, Esq.
WUCETICH & KOROVILAS LLP
222 N. Pacific Coast Hwy., Ste. 2000
El Segundo, CA 90245
T: 310.335.2001 | F. 310.364.5201
E. dimitri@wukolaw.com
E. jason@wukolaw.com

*Counsel for Plaintiff-Appellant*
December 22, 2025

## **INTRODUCTION**

Appellant Jillian Lesko hereby submits her supplemental brief in accordance with this Court's December 15, 2025 Order. As argued below, the claims asserted in the operative complaint related to (1) nighttime pay, Sunday pay, and holiday pay, and (2) entitlement to the Title 38 pay rates associated with these premium pay provisions delegated to the Department of Health and Human Services ("HHS") by the Office of Personnel Management ("OPM") are wholly independent, and in no way impacted or altered by the en banc Court's ruling related to the right to overtime pay under 5 U.S.C. § 5542 and the meaning of the phrase "officially ordered or approved."  The same is true with respect to the issue of whether leave to amend should have been granted to allow Appellant to assert a claim for straight time pay for off the clock work performed by her and other nurses employed by Indian Health Services ("IHS"). Moreover, while Lesko can no longer pursue overtime pay based on an inducement theory, she can seek unpaid overtime under different legal theories, including the same legal theory as her nighttime, holiday, and Sunday pay claims that the overtime work was so habitual and recurrent that it could have been scheduled in advance. Accordingly, this merits panel should issue rulings on the remaining issues not embraced by the en banc opinion.

///

## ARGUMENT

The en banc opinion in this case addressed a narrow legal issue: "[I]s the overtime writing requirement in 5 C.F.R. § 550.111(c) a valid exercise of the Office of Personnel Management's (OPM) rulemaking authority in light of the statutory requirement in 5 U.S.C. § 5542(a) that the Government pay overtime 'officially ordered or approved'?" *Lesko v. United States*, -- F.4th ----2025 WL 3562218, at *1 (Fed. Cir. 2025). The en banc panel concluded that the writing requirement was valid and affirmed the Court of Federal Claims' dismissal of Count II related to Lesko's claim for Title V premium pay. *Id.* at 1, 8. As such, only legal claims that depend on the meaning of the phrase "officially ordered or approved" would be impacted by the en banc decision.

With respect to Count I, the pertinent legal issue is whether Lesko is entitled to the premium pay provisions of Title 38 by virtue of the delegation of these premium pay provisions from OPM to HHS, the parent agency of IHS.  As argued in Appellant's merits brief to the three-judge panel (Docket # 16, pp. 19-23), because the HHS secretary did not delegate the authority to HHS's Operating Divisions (OpDiv) such as IHS to pick and choose which of the OPM-delegated Title 38 pay provisions to apply, including the provisions relating to premium pay, IHS had no discretion to refuse to pay Ms. Lesko and other nurse practitioners the Title 38 premium rates.  The en banc ruling would only impact Lesko's entitlement

2

to Title 38 overtime rates *under an inducement theory*, given the identical language of "officially ordered or approved" in the relevant Title 38 overtime statute. *See* 38 U.S.C. § 7453(e)(1). It would not impact her claims for other types of premium pay or overtime premium pay pursuant to a theory other than inducement.

  Appellant's prayer for the other types of Title 38 premium pay that were delegated to HHS such as nighttime, holiday, and Sunday pay is not dependent on her inducement theory and the meaning of the phrase "officially ordered and approved." Instead, Appellant's claims for nighttime, holiday, and Sunday pay, whether under Count 1 or Counts 3-5, also involve the distinct legal issue of whether the work performed at night, during holidays, or on Sundays was so habitual and recurrent that it should have been "scheduled in advance" by the head of an agency. *See* Docket #16, pp. 14-19; *see also Aviles v. United States*, 151 Ct.Cl. 1, 7-9 (1960) (overtime that is not formally scheduled may nevertheless entitle the employee to premium pay if the work is habitual and routine); *see also Buchan v. U.S.*, 31 Fed.Cl. 496, 499-500 (1994) (recognizing that not scheduling overtime in advance may be insufficient to deny a claim for premium pay where government could have reasonably predicted such work); *Medrano v. United States*, 161 Fed.Cl. 207, 208-209 (2022) (finding plaintiffs adequately stated a claim for premium pay where they alleged work was "habitual and recurrent."); 5 C.F.R. § 610.121(b)(1) (directing the heads of agencies to "schedule an employee's

3

regularly scheduled administrative workweek so that it corresponds with the employee's actual work requirements."); Section 610.121(b)(3) ("[i]f it is determined that the head of an agency should have scheduled a period of work as part of the employee's regularly scheduled administrative workweek and failed to do so ..., the employee shall be entitled to the payment of premium pay for that period of work as regularly scheduled work[.]" 5 C.F.R. § 610.121(b)(3) (cross-referencing regulations for premium pay, including night work). The remaining legal issues for this panel to decide are whether Appellant sufficiently plead that her work at night, holidays, or on Sundays was habitual and recurrent and, if she did not, whether leave to amend to allege additional facts should have been granted.

As for overtime premium pay, *Aviles* and 5 C.F.R. § 610.121(b)(3)[1] make clear that – like nighttime, holiday, and Sunday premium pay - Appellant is entitled to overtime rates for work that was habitual and recurrent, which is a distinct legal theory from inducement. The en banc decision does not address this legal issue or the case law and regulations implementing it.

Finally, the en banc decision has no impact on Appellant's argument that leave to amend should have been granted to assert claims for straight time pay for

---

[1] *See Medrano*, 161 Fed.Cl. at 209 (recognizing that OPM regulations in effect codified the holding in *Aviles*).

4

off the clock work. As argued in Appellant's merits brief (Docket # 16, pp. 23-26), the lower court never ruled whether such an amendment would be futile despite the fact that the right to straight time pay does not derive from Title V and the meaning of the phrase "officially ordered or approved" in 5 U.S.C. § 5542(a).

## CONCLUSION

As the above makes clear, the en banc ruling in this case would only impact Appellant's inducement theory of overtime under 5 U.S.C. § 5542(a). It does not affect her claims for Title 38 premium pay rates or, in the alternative, Title V premium pay rates that do not rely on an inducement theory. Finally, the en banc ruling does not address whether Appellant should have been granted to leave to amend to allege additional facts in support of Counts 1 and 3-5 or to assert a claim for straight time pay for off the clock work.

Respectfully Submitted,

/s/ Dimitrios V. Korovilas
Dimitrios V. Korovilas, Esq.
  *Attorneys for Plaintiff-Appellant*
WUCETICH & KOROVILAS LLP
222 N. Pacific Coast Hwy., Ste. 2000
El Segundo, CA 90245
T: (310) 335-2001
F. (310) 564-5201
E. dimitri@wukolaw.com

# **CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMEWNTS, AND TYPE STYLE REQUIREMENTS**

I hereby certify that the foregoing brief is less than the ten page limitation set by this Court in its December 15, 2025 Order.

/s/ Dimitrios V. Korovilas

Dimitrios V. Korovilas
*Attorneys for Plaintiff-Appellant*
WUCETICH & KOROVILAS LLP
222 N. Pacific Coast Hwy., Ste. 2000
El Segundo, CA 90245
T: (310) 335-2001
F. (310) 564-5201
E. dimitri@wukolaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for all parties.

/s/ Dimitrios V. Korovilas
Dimitrios V. Korovilas, Esq.
*Attorneys for Plaintiff-Appellant*
WUCETICH & KOROVILAS LLP
222 N. Pacific Coast Hwy., Ste. 2000
El Segundo, CA 90245
T: (310) 335-2001
F. (310) 564-5201
E. dimitri@wukolaw.com
